IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Vernon L. Ealy, Jr.
    Plaintiff,

v.

Warden at DCP,
Christopher Schell, Warden at FCJ
Weller and Pierre Deputy Wardens FCJ and DCP
Medical Prison Provider, PrimeCare,
Intake Nurses at DCP, Unknown Nurses DCP,
FCJ and DCP records Dept, DCP C.O.'s unknown
Adminstration at FCJ, GTL at DCP et al.
Sued in their individual and official capacities
    Defendants.

Case No.

Honorable

FILED
HARRISBURG, PA
JAN 2 3 2024
PER_____
DEPUTY CLERK

### COMPLAINT WITH JURY DEMAND

#### Introduction

This is a civil rights action filed by Vernon L. Ealy, Jr., a Pretrial Detainee inmate, for damages and injuctive relief under 42 U.S.C. § 1983, Alleging retaliation, Neglect, Official oppression, Illegal conditions of confinement, False imprisionment, denial of medical care in violation of Fourteenth Amendment and Eighth Amendment to the Constitution.

#### Jurisdiction

1. The Court has jurisdiction over the plaintiff claims of violation of federal constitutional right under 42 U.S.C. §§ 1331 (1) and 1343.

2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367.

#### Parties

3. The plaintiff, Vernon L. Ealy Jr., was incarcerated at FCJ for one day and then transferred to DCP the following day, during the events described in the complaint.

4. The Defendants Christopher Schell and Warden (DCP) unknown name are Wardens at Franklin County Jail and Dauphin County Prison. They are sued in thier individual and official capacities.

5. Defendants Intake Nurse (unkown) and nursing staff are Nurses at DCP.

6. Defendants Primecare are Prison Medical Provider at DCP during the time of events. They are being sued in their individual and official capacities.

7. Defendants Pierre and Weller and Scott are Deputy Wardens at DCP and FCJ during the events. They are being sued in their individual and official capacities.

8. Defendants unknown block officers at DCP during the events. They are being sued in their individual and official capacities.

9. Defendants unknown Officers at FCJ whom transported plaintiff to DCP. They are being sued in their individual and official capacities.

10. GTL company are owner of the tablets during the event. They are being sued in their official capacities.

11. All defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

## Facts

12. On or around July 10, 2023, Plaintiff admitted into booking at Franklin County Jail. Plaintiff was processed and spent one night in booking.

13. Plaintiff Ealy had one hundrend eighty four dollars that FCP had taken and placed in his account. (FCP kept Plaintiffs check for several weeks causing plaintiff to lose all his property at storage valued more than $50,000)

14. On or around July 11, 2023, Plaintiff was told to hand over his property and he was immediately handcuffed and shackled by unknown officer at FCJ.

15. Mr. Ealy asked "what is going on and where are you taking me ?", Unknown C.O said "you will see when you get there. Unknown C.O. was accompanied by a higher rank Official unknown to escort Mr. Ealy.

16. Plaintiff was packed in a vehicle and immediately entered the highway passing serval counties until he entered Dauphin County Prison.

*Retaliation*

17. Plaintiff complained to his abductors stating "why am I here"!? I do not have charges here in DCP, Plaintiff heard the FCJ guards laughing after they dropped him off at DCP. (DCP is one of the worst prisons in america and known for having a high death rate in its prisons)

18. Plaintiff repeatedly asked the DCP guards at check in why he was there until he finally got an answer that it was a warden to warden agreement. (Previous Deputy warden Pierre worked at FCJ when plaintiff filed lawsuits in the past. (Plaintiff alleges this was a retaliation against him for filing grievances and past lawsuits)

*Neglect*

19. Plaintiff informed the intake nurse (unknown) of his medical conditions, that he had a major foot operation that went wrong and he had suffered from severe nerve damage on this feet/ankles and legs as well as arthritis in his ankles. And stated because of his conditions he was bottom bunk bottom tier status. (plaintiff suffers from permant handicaps that prevent him from phyiscal things, like walking upstairs and jumping on the top bunk)

20. On July 13, 2023 Plaintiff was moved to a cell on A-unit and was ordered to get on the top bunk. Plaintiff complained to unknown officer and asked him to not force him on the top bunk because of his medical conditions.

21. Officer contacted medical whom told him to deny my request not to get on the top bunk. Plaintiff put in several sick call and complaints that his health on the top bunk is getting difficult and pain in his legs and body.

22. On or around July 15, 2023 Mr. Ealy was moved to F-unit cell 21 and was ordered on the top bunk. Mr. Ealy complained to unknown block officer that he should be bottom tier bottom bunk status.

23. After confirrning with medical plaintiff was ordered top tier top bunk which he complied or else face discipline (rhu).

24. Plaintiff struggled for a week or two jumping up and down the bunk with no latter or bed rail. Mr. Ealy sustained injuries in his groin area and legs/ ankles. After filing multiple sick calls and request he finally was placed on E- unit bottom bunk bottom tier status.

25. For several weeks plaintiff contacted DCP records department about his funds that deliberately was left by FCJ. Plaintiff could not call out to family members because of a defective tablet and 24 hour lockdown.

26. DCP and FCJ ignored plaintiffs request for his funds for several weeks. When plaintiff funds finally came DCP removed one hundred and twenty five dollars illegally from Mr. Ealy's check. Plaintiff fought for several weeks to have his funds replaced which DCP complied, and replaced his money back on plaintiffs books.

27. Because of actions from FCJ and DCP records department he failed to make a payment on time for his storage which was lost which was auctioned.

### *Illegal conditions of confinement*

28. Plaintiff was placed in a tiny cell #5 with not air ventillation. DCP contained a non working vent system. A cell door with 12 by 12 inch windows which plaintiff had to rely on air to flow through. The heat was unbearable which plaintiff complained about constantly.

29. At night time roaches and mice would visit his cell destroying his commissary and disturbing his sleep. Plaintiff woke up with nose bleeds and sweat from the intensive heat in the cell. Plaintiff suffered being forced to eat his food in his cell smelling fecies/urine and drinking yellow water.

30. Plaintiff submitted grievances about the heat and living conditions of his cell such as backwash fecies from neighboring toilet, and 24 hour lockdowns, mice and roach infested. Plaintiff also complained on request slips at DCP. Plaintiff suffered several weeks in excessive lockdown only out the cell for 15 minute showers.

### *Denial of Medical*

31. Plaintiff started having massive nose bleeds and headaches, whom he complained on sick call that went unanswered for weeks.

32. Plaintiff had to suffer withdrawals from not being supplied his medication. Plaintiff Sick call slips was being ignored for weeks.

33. Mr. Ealy suffered a stroke in his sleep and woke up with his left arm and hand paralyzed and swollen legs/feet. Plaintiff noticed he could not open his hand and he sustained injuries from falling in the cell because of the stroke.

34. Plaintiff put in sick call slips about his stroke, that went unanswered for weeks. Afraid for his life, Plaintiff started self- rehabilitating his arm and hand opening and closing his hand using his right hand. (plaintiff was healthy prior to entering dcp, he never suffered a stroke)

35. Plaintiff finally seen a nurse whom took his blood pressure which was extremely high for a week straight. Plaintiff still was not admitted to the outside hospital. Plaintiff continued to fear for his health at DCP.

36. Plaintiff could hardly walk, the nurse was alaramed at his extremely swollen legs and blood pressure. Plaintiff was admitted to medical to do a EKG. Plaintiff was ordered a walking cane to aid him to walk by the Nurse at DCP.

37. On or around October almost two months went by DCP medical finally admitted Plaintiff to the hospital for a cat scan. Plaintiff put in a grievance shortly after about late medical care and he was immediately transferred back to FCJ.

38. Upon returning to FCJ plaintiff suffered pain in his groin area and found out he developed a hernia from DCP, jumping up and down from the top bunk. FCJ ordered plaintiff a hernia belt which he wears to current date.

### *Exhaustion of Adminstration Remedies*

39. Plaintiff grievance about late medical care is still at DCP which he cannot obtain.

40. The Plaintiff has exhausted his administrative remedies with respect to all claims and all defendants.

### *Claims of Relief*

41. The actions of defendants at FCJ by tranferring plaintiff to one of the worst jails for retalitaion violate plaintiffs constituional rights of cruel and unusual punishment. Since plaintiff had a history of filing grievances and lawsuits against the FCJ administration.

42. The actions of defendants at DCP Block Officers and Primecare Nurses known and unknown could be prevented plaintiff from sustaining a hernia by looking up his medical history at FCJ where he is bottom bunk bottom tier status. This constituted cruel and unudual punishment in Violation of the fourtheeth and Eighth Amendent of the United States Constitution.

43. The failure of defendants Nurses and Primecare medical provider failure to acknowledge his stroke and treatment of his swollen limbs, and failure to remove him from extreme cell conditions constitutes the tort of negligence under the law of Pennsylvania.

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The transfer and extreme conditions FCJ administration moved plaintiff to DCP by Defendants Warden Schell, Pierre, Weller, Scott, Warden at DCP violated plaintiff's rights under the Fourteenth and Eighth Amendment to the United States Constitution and constituted Official Oppresion under state law.

2. Defendants Block Officers Doe at DCP and Primecare nurses violated the plaintiff's rights under Eighth Amendent to the United Staes Constitution and constitued plaintiff sustaining an injury of a hernia and mental anguish for being forced on top tier and top bunk as a pretiral detainee under state law.

3. Defendants Nurse Jane Doe and Primecare Medical Provider actions in failing to provide medical care for the plaintiff violated, and coninue to violate, the plaintiff's rights under the Eighth amendment to the United States Constitution.

B. issue an injunction ordering defendants Schell, Pieere, or their agents to:

1. Immediately transfer plaintiff to York County or neighboring County Jail.

2. Immediately stop the abuse and harrasment FCJ administration is causing plaintiff.

3. Immediately arrange for the plaintiff's hernia and foot doctor therapy by a outside medical practitioner.

4. Immediately order DCP to send plaintiff copies of his grievances and requests/sick call slips.

5. Immediately order DCP Primecare to furnish copies of plaintiff's visits and medical information stored in their computer about plaintiff's blood pressure, Stroke, visits to out side hospitals. And to furnish copies for the Courts to view.

D. Award compensatory damages in the following amounts:

1. $50,000 jointly and severally against defendants Records department (unknown) at FCJ and DCP, Wardens at DCP And FCJ and GTL for the holding and not transferring plaintiff's check promptly as a result plaintiff lost his entire property at the storage unit.

2. $300,000 jointly and severally against defendants Intake nurse, Primecare, Block officers (unknown) for the punishment for physical and emotional injury resulting in the pain of several weeks on top bunk top tier causing plaintiff a hernia.

3. $1,750,000 jointly and severally against defendants, Schell, Pierre, Both deputies (DCP, FCJ), Nurse Jane, Medical Provider Primecare, Transporting Guards (unknown) for the physical and emotional injury resulting excessive cell confinement, no ventilation, Stroke, neglect, from their failure to prevent the transfer, failure to provide adequate medical care to the plaintiff.

E. Award punitive damages in the following amounts:

1. $35,000 each against defendants Warden Schell, Deputy Warden Weller, Pierre

2. $20,000 each against defendants Gtl, Records dept unkown (DCP, FCJ);

3. $45,000 each against nurses staff (DCP), Primecare;

F. Grant such other relief as it may appear that plaintiff is entitled.

01/15/24

Respectfully submitted,

_____
Vernon Ealy Jr. 23-00881
1804 Opportuntiy Ave.
Chambersburg, Pa 17201

01/15/24

Dear Clerk Of Courts,

Enclosed that was sent with two separate envelopes. Is a complaint, Forma Pauperis, Motion for Counsel. That I would like to be processed immediately.

I would like to notify the Judge that I've asked this administration twice for a six month statement and they are refusing to send me any copies. I am indigent and would like to proceed, I currently have zero dollars in my account.

I would also request the Clerk of Courts to make copies of the summons and waivers to provide to both DCP and FCJ administration. I am not sure if I filled them out correctly, but if I made any mistakes please resend me the summons and waivers with instructions so I may fill them out correctly. I am suing two different jails, So I hope that they are both served correctly.

If possible I would like to Amend my complaint and notify the Judge to add ADA Amercan with disabilites violation if that is possible.

I thank you in aiding me in this very important matter.

Sincerely,

VERNON L. EALY JR. 23-00881
1804 Opportunity Ave.
Chambersburg, PA 17201

Name Vernon L. Early
Franklin County Jail
1804 Opportunity Avenue
Chambersburg, PA 17201

RECEIVED
HARRISBURG, PA
JAN 23 2024
PER _____ DEPUTY CLERK

Clerk of Courts
3rd Circuit Court
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

17101