## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNON L. EALY, JR., **Plaintiff** | : : : | No. 3:24-CV-0126 |
| | : | (Judge Munley) |
| **v.** | : : | **FILED SCRANTON** |
| | : | SEP 2 5 2024 |
| CHRISTOPHER SCHELL, *et al.*, **Defendants** | : : | Per ___ DEPUTY CLERK |

## <u>ORDER</u>

**AND NOW**, in accordance with the accompanying Memorandum, **IT IS**

**ORDERED THAT**:

1. Plaintiff's amended complaint is **DISMISSED** with prejudice as to all Section 1983 claims pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted *with the exception of* an individual capacity Fourteenth Amendment claim of deliberate indifference to serious medical needs against the yet-to-be-identified defendant or defendants in the medical department at Dauphin County Prison.

2. Plaintiff's official capacity claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

3. To the extent they are asserted in paragraph 40 of the amended complaint, Plaintiff's state-law professional negligence claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

4. The Clerk of Court is directed to terminate defendants "PrimeCare Inc.," "Lensbower," "Jane Doe" (Head Nurse at Dauphin County Prison), and "Jane Doe" (Intake Nurse at Dauphin County Prison).

5. Limited pre-service discovery will be permitted in this case to identify the medical provider or providers described in the accompanying Memorandum who could be named as defendants in this litigation.

6. To that end, the court will utilize PrimeCare Medical, Inc., as a <u>placeholder defendant</u> in this action, as any potentially applicable defendant is likely a current or former employee of PrimeCare. Although PrimeCare itself has been dismissed from this action, it will be served for the *limited and sole purpose* of assisting Plaintiff with pre-service discovery to obtain sufficient information, if possible, to identify an appropriate defendant. <u>Cf. Wyatt v. Municipality of Philadelphia</u>, 718 F. App'x 102, 103-04 (3d Cir. 2017) (recognizing difficulties presented where a *pro se* plaintiff could only provide limited information for United States Marshals Service for purpose of serving defendants identified as employees of City of Philadelphia).

7. In accordance with Federal Rule of Civil Procedure 4(c)(3), the Clerk of Court is therefore directed to SERVE a copy of the amended complaint (Doc. 21), notice of lawsuit and request to waive service of summons (form AO 398), waiver of the service of summons (form AO 399), the accompanying Memorandum, and this Order on PrimeCare Medical, Inc. In the interests of efficient administrative judicial economy, the Court requests that PrimeCare waive service pursuant to Federal Rule of Civil Procedure 4(d) with the understanding that it is acting only as a placeholder defendant for the limited purpose of pre-service discovery.

8. Plaintiff shall have <u>90 days</u> from the date of this Order to conduct limited discovery with PrimeCare to determine the identity of an appropriate defendant. If Plaintiff is unable to determine the identity of an appropriate defendant after discovery, the court will dismiss this case under Federal Rule of Civil Procedure 4(m) because no service of process can be effectuated.

Date: 9/24/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

2