**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VERNON L. EALY, JR.,** | : | No. 3:24-CV-0126 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| | : | |
| **CHRISTOPHER SCHELL, *et al.*,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Vernon L. Ealy, Jr., initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging constitutional violations by officials at two county prisons. Following extensive motion practice and discovery, the claims in this case have been winnowed to a single Fourteenth Amendment claim of deliberate indifference to serious medical needs against Meghan Crook, a nurse practitioner at Dauphin County Prison. Crook now moves for summary judgment under Federal Rule of Civil Procedure 56. Because Ealy has not responded to Crook's motion and thus has failed to carry his Rule 56 burden on his remaining Section 1983 claim, the court will grant judgment as a matter of law in Crook's favor.

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

## I.    BACKGROUND[2]

Ealy initially filed this Section 1983 lawsuit in January 2024.  (See generally Doc. 1).  After extensive litigation under Federal Rule of Civil Procedure 12(b)(6), lengthy discovery to identify "Doe" defendants, and multiple enlargements of time, the claims in this case have been narrowed to a single Fourteenth Amendment medical indifference claim against Crook.  (See Doc. 45 at 1-3 (providing this case's procedural history); id. at 5-6 ¶¶ 3, 4 (limiting case to medical indifference claim against Crook)).

After the close of fact discovery, Crook timely moved for summary judgment under Federal Rule of Civil Procedure 56.  (Doc. 80).  Ealy has not opposed this motion in any way, and the time for responding has passed.  Crook's unopposed motion for summary judgment is therefore ripe for disposition.

## II.    STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."  Celotex Corp. v.

---

[2] Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."  LOCAL RULE OF COURT 56.1.  A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried.  Id.  Crook properly filed her statement of material facts, (Doc. 81), but Ealy failed to respond to that statement.  Accordingly, the court will deem admitted the facts in Crook's Rule 56.1 statement.  See LOCAL RULE OF COURT 56.1.

Catrett, 477 U.S. 317, 323-24 (1986).  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a). Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."  EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 262 (3d Cir. 2010) (quoting Clark v. Modern Grp. Ltd., 9 F.3d 321, 326 (3d Cir. 1993)).

At the Rule 56 stage, the court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  The court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."  Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014).  This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.  Liberty Lobby, 477 U.S. at 250-57; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986).  A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]."  Daniels v. Sch. Dist. of Phila.,

3

776 F.3d 181, 192 (3d Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 252) (alteration in original).  Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.  Daubert v. NRA Grp., LLC, 861 F.3d 382, 391 (3d Cir. 2017) (quoting Berkeley Inv. Grp. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006)).

## III.   DISCUSSION

Crook asserts that Ealy cannot proffer evidence that she acted with deliberate indifference to his serious medical needs or that her conduct caused him harm.  Due to Ealy's failure to oppose Crook's Rule 56 motion, the court finds that there is no dispute of material fact and judgment must be granted in Crook's favor.

### A.   Failure to Oppose Rule 56 Motion

Initially, Ealy has failed to carry his burden at summary judgment because he has not opposed Crook's Rule 56 motion in any way.  Ealy has not identified *any* record evidence that would rebut Crook's contention (and supporting evidence) that her limited treatment of Ealy fails to reflect deliberate indifference to serious medical needs.  Ealy has not, for example, pointed to a declaration or affidavit, witness statements, documentary support, or any other evidence that could sustain a verdict in his favor.  In fact, Ealy has not even responded to Crook's Rule 56 motion, meaning that—pursuant to Local Rule 7.6—the motion

4

is deemed unopposed.  See LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").

At summary judgment, "the non-moving party *must oppose the motion* and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial.  Bare assertions, conclusory allegations, or suspicions will not suffice." Jutrowski v. Township of Riverdale, 904 F.3d 280, 288-89 (3d Cir. 2018) (alteration omitted) (emphasis added) (quoting D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260, 268-69 (3d Cir. 2014)).  Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment.  FED. R. CIV. P. 56(c)(3).  No materials have been provided or cited by Ealy in opposition to Crook's Rule 56 motion.  Thus, because Ealy has failed to establish that there is a genuine dispute of material fact by failing to oppose Crook's Rule 56 motion, the court must grant judgment in Crook's favor.

## B.    Merits of Section 1983 Claim

A second reason that summary judgment must be granted in Crook's favor is that, upon consideration of the record, there is no evidence that would sustain a verdict in Ealy's favor on his Fourteenth Amendment medical indifference claim.

Ealy was a pretrial detainee at the time of the events, so his claims implicate the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's cruel-and-unusual-punishments provision.  However, it does not appear that the United States Court of Appeals for the Third Circuit has established or adhered to a different standard with respect to Fourteenth Amendment pretrial detainee medical care claims versus those raised by incarcerated individuals under the Eighth Amendment.  See Thomas v. City of Harrisburg, 88 F.4th 275, 281 & n.23 (3d Cir. 2023) (applying Eighth Amendment standard to pretrial detainee's medical care claim); see also Parker v. Butler County, 832 F. App'x 777, 780 & n.1 (3d Cir. 2020) (nonprecedential) (applying Eighth Amendment standard to pretrial detainee medical care claim while acknowledging Fourteenth Amendment is source of right); Miller v. Steele-Smith, 713 F. App'x 74, 76 n.1, 78 (3d Cir. 2017) (nonprecedential) (same); Goode v. Giorla, 643 F. App'x 127, 129 & n.3 (3d Cir. 2016) (nonprecedential) (same); Edwards v. Northampton County, 663 F. App'x 132, 136-37 (3d Cir. 2016) (nonprecedential) (citing Natale v. Camden Cnty Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003)).  Accordingly, the court will apply existing Eighth Amendment jurisprudence to Ealy's Fourteenth Amendment medical indifference claims.

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment" to incarcerated individuals.

6

Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  To establish an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must prove that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff."  Durham v. Kelley, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); see also Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, and denial of reasonable requests for treatment resulting in unnecessary suffering or risk of injury.  See Durmer v. O'Carroll, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting Lanzaro, 834 F.2d at 346).  Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."  Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted).  Claims sounding in mere medical negligence will not suffice.  Rouse, 182 F.3d at 197.

In the case at bar, Ealy plausibly alleged deliberate indifference to serious medical needs involving two incidents at Dauphin County Prison. First, he alleged that he had been denied bottom-bunk status even though it was clear that he should have been assigned to the bottom bunk because of his medical issues, and that this misclassification caused him to develop a hernia from getting in and out of the top bunk. (See Doc. 21 ¶¶ 17-22, 34). Second, he alleged that he had suffered a stroke in August 2023 and that his sick-call slips went unanswered for two weeks, causing further injury. (Id. ¶¶ 27-28). These were the only two claims that were permitted to proceed past the Rule 12(b)(6) stage. (See Doc. 45 at 2-3).

After extensive discovery, Ealy was only able to identify one defendant— Crook—as being involved in the allegedly unconstitutional medical care. (See id. at 3-5). Now, at the "put up or shut up" stage, Crook proffers evidence that she was not deliberately indifferent to Ealy's medical needs and that Ealy cannot establish that he suffered any harm caused by her conduct.

First, Crook evaluated Ealy on one occasion for foot and ankle issues after he was transferred to Dauphin County Prison. (Doc. 81 ¶ 14). At that time, although Ealy recounted a history of foot and ankle problems, his extremities were found to be normal, he had a normal range of motion, and he had no restrictions to activity. (Id. ¶¶ 14-17). Crook further noted that a release-of-

8

information authorization had been executed for Wellspan Podiatry to confirm Ealy's proffered history of foot and ankle problems. (Id. ¶¶ 18, 21). Crook did not immediately order bottom-bunk status at this time based on the results of Ealy's physical evaluation and the need to receive medical records to confirm his self-reported medical history. (Id. ¶ 19). Twelve days later, after the Wellspan Podiatry records were received, Ealy was placed on bottom-bunk status. (Id. ¶ 22). These facts barely implicate professional negligence, much less the high bar of deliberate indifference to serious medical needs.

As to the stroke-related allegations, Ealy claims that after he purportedly suffered a stroke, he submitted multiple sick-call requests that were ignored. However, it is undisputed that Crook—in her position as nurse practitioner—has no responsibility to respond to sick-call requests at Dauphin County Prison. (Id. ¶ 6). Additionally, Ealy has not proffered any evidence that he submitted sick-call requests that went unanswered by Crook or any other provider.

Additionally, Crook evaluated Ealy on August 24, 2023, for complaints of nose bleeds and left-hand dysfunction, the only potential stroke-related visit. (Id. ¶¶ 26-27). However, after performing a physical evaluation, Crook found that Ealy could manipulate his left hand to grasp a pill cup and water cup, did not demonstrate confusion, responded appropriately to questioning, had a steady gait with no balance disturbance, and displayed facial symmetry. (Id. ¶¶ 28-33).

9

Crook proposed that Ealy's symptoms be monitored, that he have his blood pressure taken for five days, that he wear compression socks (which were ordered), and that he undergo various lab studies. (Id. ¶¶ 36-39). Ealy alleges that this treatment was deficient, but such a claim—at best—again only rises to the level of negligence. In no way could this limited treatment be considered violative of the Eighth Amendment.

Lastly, Ealy has not proffered any evidence that he was physically harmed by Crook's conduct. See Brooks v. Kyler, 204 F.3d 102, 105 n.4 (3d Cir. 2000) (explaining that prisoner's claim could not survive Rule 56 challenge because "he presented no evidence of any harm resulting from a delay in medical treatment") (citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)); Joh v. Suhey, 709 F. App'x 729, 731 (3d Cir. 2017) (nonprecedential) (finding that brief delay in treatment did not demonstrate that medical provider disregarded "an excessive risk" to inmate's safety because inmate did not allege that "the delay in treatment led to any serious harm"); DeJesus v. Delaware, 833 F. App'x 936, 940 (3d Cir. 2020) (noting that deliberate indifference to serious medical need must have caused "harm or physical injury" to plaintiff). Ealy has not shown that he was diagnosed with a hernia, that he actually suffered a stroke in August 2023, or that Crook's limited care caused any of his alleged conditions to worsen. So Ealy cannot satisfy the third element of a medical indifference claim, either.

Without evidence of deliberate indifference or harm, Ealy cannot move beyond the Rule 56 stage and take his Section 1983 claim to trial. Thus, even if the court were to reach the merits of Ealy's remaining medical indifference claim (despite his failure to oppose the instant Rule 56 motion), Crook's motion for summary judgment would still be granted.

## IV.    CONCLUSION

Based on the foregoing, the court will grant defendant Meghan Crook's unopposed motion for summary judgment under Federal Rule of Civil Procedure 56. An appropriate Order follows.

Date: 2/24/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

11